UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David Coil, | Case No.: 2:22-cv-02120-JAD-EJY |
| Plaintiff | |
| v. | **Order Screening Complaint, Dismissing Case, and Denying Motions** |
| State of Nevada, | (ECF Nos. 3, 6, 7, 8, 10) |
| Defendant. | |

Plaintiff David Coil is an inmate at Nevada's High Desert State Prison, having been convicted in Nevada state court of various felony offenses that earned him a life sentence. He initiated this case with a document titled "criminal complaint,"[1] in an apparent attempt to bring criminal kidnapping and other charges against the State of Nevada and more than a dozen of its governors, prosecutors, judges, law enforcement, and corrections officials. In subsequent filings "asserting new jurisdiction" and "clarifying [the] complaint,"[2] Coil insists that the court is improperly treating his complaint as a civil one when it is actually a criminal complaint under "the Federal RICO Act." He contends that, because he is bringing a criminal complaint, he should not have to pay a filing fee. Coil asks the court to issue arrest warrants against his captors and appoint him counsel.

Because Coil is incarcerated, I screen his complaint under 28 U.S.C. § 1915A. As a private person and not a government prosecutor, Coil cannot bring a criminal complaint, so I

---

[1] ECF No. 1-1. Coil has also filed a proposed complaint, which appears to be a photocopy of the original complaint. *Compare* ECF No. 1-1 *with* ECF No. 4. Because the two complaints are identical, I do not accept the proposed complaint. The original complaint, ECF No. 1-1 is the operative complaint in this case.

[2] ECF No. 3.

dismiss this criminal complaint with prejudice as amendment would be futile, and I deny his motions. If Coil wishes instead to pursue a civil-rights lawsuit, he may file a new action using this court's form, and he must also file a complete application to proceed *in forma pauperis* or pay the civil filing fee of $402 in full.

## Background

### A. Coil's factual allegations[3]

In August 2016, Coil was sitting alone at a restaurant when he was abducted by a detective of the Metropolitan Police in Clark County.[4] Coil was taken by force to an unmarked building, and not allowed any form of communication. No search warrant was presented, and no arrest warrant was presented. Coil was "quite literally kidnapped." Taking Coil was an act of human trafficking.[5] Coil was not committing any crime; he was sitting alone in a restaurant. The lead prosecutor stated in court that "technically he is not guilty" and announced in open court that no crime was committed.

### B. Coil's legal theories

Based on these events, Coil attempts to bring criminal charges against the State of Nevada, its two most recent former governors, the director of the Nevada Department of Corrections, the former sheriff, various wardens, the Clark County District Attorney, a handful of state-court judges, and others. He seeks to charge them with kidnapping, human trafficking,

---

[3] These facts are merely a summary of the Coil's allegations and are not intended as findings of fact.

[4] ECF No. 1-1 at 2.

[5] *Id.* at 3.

prospering from a citizen of senior age, aiding and abetting, and accessory after the fact.[6] He requests "release from the captors."[7]

## Discussion

**A.     Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[8] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[9] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[10]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[11] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[12] Allegations of a *pro se* complainant are held to less

---

[6] *Id.*

[7] *Id.* at 1, 3.

[8] *See* 28 U.S.C. § 1915A(a).

[9] *See* 28 U.S.C. § 1915A(b)(1)(2).

[10] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[11] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[12] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

stringent standards than formal pleadings drafted by lawyers,[13] but a plaintiff must provide more than mere labels and conclusions.[14] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[15] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16]

**B.    Screening Coil's pleading**

   *1.    Coil cannot bring criminal charges against the defendants.*

It appears that Coil seeks to bring both state and federal criminal charges against the defendants. Nevada Revised Statutes § 169.055 provides that a "[c]riminal action' means the proceedings by which a party charged with a public offense is accused and brought to trial and punishment. A criminal action is prosecuted in the name of the State of Nevada, as plaintiff." Because Coil is not a state prosecutor, he cannot bring state criminal charges against anyone or prosecute crimes in the name of the State of Nevada.

Coil also cannot pursue federal criminal charges because that role is reserved to the federal executive branch, which "has exclusive authority and absolute discretion to decide whether to prosecute a case."[17] Because Coil is not a United States Attorney, or otherwise a member of the federal executive branch, he cannot bring federal criminal charges against the defendants. Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution

---

[13] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[16] *Id*.

[17] S*ee United States v. Nixon*, 418 U.S. 683, 693 (1974).

or nonprosecution of another."[18]  Accordingly, Coil cannot bring state or federal criminal charges against the defendants, so I dismiss his criminal complaint with prejudice, as amendment would be futile.

### 2. *If Coil wants to pursue a lawsuit, he must file a new civil-rights complaint.*

Although I dismiss this case with prejudice and without leave to amend, I offer Coil some guidance should he desire to find a proper avenue to seek relief.  Based on the allegations in the complaint and Coil's request to be released, it appears that he wants to overturn his conviction.  But he can't do that with a complaint because the Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek timely federal habeas corpus relief or the appropriate state relief.[19]  To the extent that Coil believes that he has a valid civil-rights claim that he wishes to pursue under 42 U.S.C. § 1983, he will have to file a new action on this court's form, and I direct the Clerk of Court to send him one for this purpose.  Any such civil-rights complaint must be filed along with either the $402 filing fee or an application to proceed *in forma pauperis*.

---

[18] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

[19] *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927(9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action").  I note that Coil filed a *habeas corpus* petition in this court (2:22-cv-01428-GMN-BNW), but it was dismissed as untimely.

**Conclusion**

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the **plaintiff's criminal complaint is DISMISSED** with prejudice and without leave to amend, but that dismissal is without prejudice to his ability to pursue relief by other appropriate means.

IT IS FURTHER ORDERED that **all pending motions [ECF Nos. 3, 6, 7, 8, and 10] are DENIED as moot.**

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to:**

- **SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his complaint (ECF No. 1-1). If plaintiff chooses to file a civil-rights complaint, he must use the approved form and file it in a new case, along with either the $402 civil filing fee or a complete application to proceed *in forma pauperis*; and
- ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: February 24, 2023

_____
U.S. District Judge Jennifer A. Dorsey